**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KEVIN NICKLES, et al., | : | |
| Plaintiffs, | : | Civil Case No. 09-1319(RMB) |
| v. | : | **O P I N I O N** |
| WARDEN E. TAYLOR, | : | |
| Defendant. | : | |

**APPEARANCES:**

Kevin Nickles, Pro Se, Lead Plaintiff
212376
Camden County Correctional Facility
P.O. Box 90431
Camden, NJ 08101

**BUMB, District Judge**

Plaintiff Kevin Nickles, along with 28 additional plaintiffs, all confined at the Camden County Correctional Facility at the time this complaint was submitted, seek to bring this action in forma pauperis, pursuant to 28 U.S.C. § 1915. However, of the 29 listed plaintiffs, only Kevin Nickles, the lead plaintiff, has filed an in forma pauperis application. In addition, mail sent to six of the listed plaintiffs, namely Jessie Datil, Christopher Williams, Jeffrey Gunner, Inmate #214024, Inmate #215228, and Michael Brown, has been returned to the Clerk of the Court as undeliverable. Because plaintiff Nickles is the only plaintiff who filed an in forma pauperis

application, at this time, the Court will dismiss all other plaintiffs from this action, without prejudice. The dismissed plaintiffs may each move to rejoin the action upon payment of the $350.00 filing fee, or the filing of a complete in forma pauperis action, including a six-month certified institutional account statement, in accordance with 28 U.S.C. § 1915(e).[1]

Furthermore, as to plaintiff Nickles, this Court will summarily dismiss the complaint for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997(e)(a).

## BACKGROUND

Plaintiffs complain that the kitchen at the Camden County Correctional Facility ("CCCF"), where plaintiffs were housed at

---

[1] The Court of Appeals for the Third Circuit recently offered guidance with regard to multiple plaintiff prisoner litigation and the filing fee provisions, codified under 28 U.S.C. § 1915, of the Prison Litigation Reform Act of 1995, ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996). See Hagan v. Rogers, et al., 570 F.3d 146, __ (3d Cir. 2009). In Hagan, the Court of Appeals held that the "the plain language of § 1915(b)(1) can be read in complete harmony with Rule 20 [concerning joinder] by requiring each joined prisoner to pay the full individual [filing] fee." Id. at __. The Court then went on to note: ". . . taking '§ 1915(b)(1) at face value,' the requirement for each prisoner to pay a full fee is simply one price that a prisoner must pay for IFP status under the PLRA." Id. at __ (quoting Boriboune v. Berge, 391 F.3d 852, 856 (7th Cir. 2004)).

As noted, in this case, only one plaintiff, Nickles, submitted an in forma pauperis application. As such, the remaining plaintiffs will be dismissed from this action, without prejudice. They will be afforded an opportunity to submit a completed application, or the filing fee, in order to rejoin this action.

the time this complaint was filed, failed inspection. The kitchen was "riddled with dead mice," fecal matter was found on the food trays, the water is unsanitary, amongst other allegations. The plaintiffs assert that they have been exposed to mold, and suffer from food poisoning, stomach viruses, and bloody bowel movements, all of which require the nurses' attention. Plaintiffs ask for "someone to look into what's going on," and monetary relief.

### DISCUSSION

**A.   Legal Standard**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires this Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires this Court to sua sponte dismiss any claim if this Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See id.

**B.   Exhaustion Requirement**

The PLRA contains an administrative exhaustion requirement:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement is mandatory.  See Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); Booth v. Churner, 532 U.S. 731, 734 (2001) (prisoners must exhaust available administrative remedies, even where the relief sought cannot be granted in the administrative process).  Further, district courts are authorized to sua sponte dismiss inmate complaints, pursuant to 42 U.S.C. § 1997e(a), when the failure to exhaust administrative remedies is apparent from the face of the complaint.  See Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 112 n.3 (3d Cir. 2008) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent power to dismiss sua sponte a complaint such as this one which facially violates a bar to suit."); Ray v. Kertes, 285 F.3d 287, 295 n.5 (3d Cir. 2002) (where "the plaintiff-prisoners explicitly conceded their failure to exhaust administrative remedies [on the face of the complaint, such] dismissals would thus fall within a district court's inherent power to dismiss sua sponte a complaint which facially violates a bar to suit").

Plaintiffs' complaint in this case is a handwritten copy of a prisoner civil rights complaint form. In response to the question on the form which asks whether plaintiffs have exhausted administrative remedies, plaintiffs checked the "No" box, and gave the following explanation: "This is the first step." (Complt., ¶ 5.)

Previous litigation in this District Court has revealed that CCCF has a grievance procedure in place. <u>See</u> <u>Williams v. Owens</u>, 2005 WL 1638160 at *1 (D.N.J. July 12, 2005)("CCCF has a grievance procedure in place through which prisoners can grieve a variety of issues, including alleged violations of the Constitution and unsafe or unsanitary conditions within the prison. If a prisoner is unsatisfied with the initial response he receives as a result of his grievance, he can appeal to the warden or his designee within ten days. CCCF advised all inmates of the administrative policies upon entry.")(internal citations to record omitted); <u>see also</u> <u>Buchanan v. Taylor</u>, 2009 WL 349159 at *2-*3 (D.N.J. Feb. 10, 2009)(noting the existence of grievance procedure at CCCF).

Because exhaustion is mandatory and it is clear from the face of the complaint that plaintiff(s) have not exhausted available administrative remedies, this Court will dismiss the

complaint pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

### CONCLUSION

This Court grants Plaintiff Nickles' application to file the complaint without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915(b), dismisses, without prejudice, the remaining plaintiffs, and dismisses the complaint for failure to exhaust administrative remedies.

```
                             s/Renée Marie Bumb
                             RENÉE MARIE BUMB
                             United States District Judge
```

Dated: July 24, 2009